UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00162-MR

| | |
|---|---|
| MARVIN W. MILLSAPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| JASON TODD MULLEN, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915A and 1915(e). [Doc. 1]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

I. **BACKGROUND**

Pro se Plaintiff Marvin W. Millsaps ("Plaintiff") is a pretrial detainee currently detained at the Iredell County Jail & Detention Center (the "Jail") in Statesville, North Carolina. He filed this action on October 24, 2022, pursuant to 42 U.S.C. § 1983, against Defendants Jason Todd Mullen, another inmate at the Jail; C.E. James, identified as an Iredell County Detective; A. Dyson, identified as a Lieutenant at the Jail; and R. Adams, identified as a Captain at the Jail. [Doc. 1].

Plaintiff purports to state claims for "deprivation [and] injunctive relief." [Id. at 3]. Plaintiff alleges that Defendant Mullen falsely accused Plaintiff of sexually assaulting him on March 25, 2021. [Id. at 4-5]. On April 5, 2021, Defendants Adams and James met with Plaintiff in the Jail interrogation room regarding the sexual assault complaint. [Id. at 6]. Plaintiff alleges that he refused to speak to with Defendant James about the charge and that James obtained a warrant on Plaintiff for a "2nd degree force sex offense." [Id.]. Plaintiff further alleges that he was "not indicted on June 2, 2021 for the bogus case," that he "did not get no infractions," and that "the prea investigation close no final report." [Id. at 5-6].

For injuries, Plaintiff claims mental and emotional stress, deprivation of liberty, and denial of access to a psychiatrist. [Id. at 5]. For relief, Plaintiff seeks monetary and punitive damages and injunctive relief. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and

the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

As a threshold matter, Defendant Mullen is not a proper Defendant in this matter. He is not a state actor and, therefore, not subject to suit under

3

§ 1983. He will be dismissed. As far as the Court can tell, Even though Plaintiff's Complaint is written in pencil and much of it is very difficult to read, it appears that he makes no allegations against Defendant Dyson and alleges only that Plaintiff met with Defendant Adams on April 5, 2021.[1] This allegation is plainly insufficient to state any claim for relief under § 1983 or otherwise. Defendants Dyson and Adams will be dismissed. Finally, Plaintiff's allegations are insufficient to state a claim for relief in any event. That is, Plaintiff claims that he was falsely accused of sexual assault by another inmate, that he was investigated, and that he was not charged criminally and received no infractions related to the false claim. Plaintiff was already detained at the time of the alleged false charges, and he alleges nothing implicating the violation of a constitutional right in the conduct of the investigation. The Court, therefore, will also dismiss Defendant James as a Defendant in this matter. The Court, however, will allow Plaintiff the opportunity to amend his Complaint, if the facts support such amendment.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review. The Court will allow Plaintiff thirty (30) days to

---

[1] Plaintiff is advised that he should complete any future documents filed with the Court in ink, in possible.

4

Case 5:22-cv-00162-MR    Document 10    Filed 01/09/23    Page 4 of 5

amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that all Defendants are **DISMISSED** as Defendants in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner Section 1983 form.

**IT IS SO ORDERED**.

Signed: January 6, 2023

Martin Reidinger
Chief United States District Judge